**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| HEINER JOSE MAESTRE GONZALEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02869-SHL-atc |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 15, 2026, Petitioner Heiner Jose Maestre Gonzalez filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Maestre Gonzalez challenges his "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  Maestre Gonzalez, a noncitizen, has resided in the United States continuously since May 2023.  (Id. at PageID 2.)  He states that his wife and two children are also present in the United States.  (Id.)  He works as an electrician and has filed taxes in the United States.  (Id. at PageID 3.)  On July 5, 2026, he was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **two business days** of the filing of this Order, Maestre Gonzalez shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **two business days** after Maestre Gonzalez complies with the above requirement, Respondent shall respond to the Petition in writing.  If the basis of Maestre Gonzalez's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Maestre Gonzalez may file a reply within **two business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Maestre Gonzalez out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 17th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE